**LYNCH et al. v. VINCENT et al.**

**No. 1301.**

District Court, W. D. Missouri, W. D.

Nov. 28, 1942.

Maurice J. O'Sullivan, of Kansas City, Mo., for plaintiff.

Morrison, Nugent, Berger, Byers & Johns, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The plaintiffs have inserted in their complaints averments to the effect that the plaintiff Cotton was discriminated against because he was a Negro and of African descent. The original averment appearing in paragraph 7, page 2 of the complaint, is repeated in paragraph 11, pages 3 and 4 of the complaint.

An examination of the Fair Labor Standards Act of 1938, § 1 et seq., 29 U. S.C.A. § 201 et seq., does not indicate that an averment of this kind performs any good office. It has the effect of stimulating racial unrest and cannot be of any possible advantage to the plaintiffs; on the contrary, it is of a distinct disadvantage. These averments should be stricken out in accordance with defendants' motion.

The defendants also, by paragraph 3 of their motions, seek to have stricken an averment that, in anticipation of the effective date of the Fair Labor Standards Act, the defendants coerced the plaintiff Cotton into an agreement to reduce his weekly wages and that this was done to meet the overtime provisions of the act. This should not be stricken. Whether such an agreement is invalid, as held in Williams v. General Mills, Inc., 39 F. Supp. 849, need not be decided. The averment and proof in support thereof would bear on the question of whether the defendants caused the plaintiff Cotton to work overtime, and for which work he has not been compensated as contemplated by the law.

It follows, that the paragraphs 1 and 2 of defendants' motion will be sustained and paragraph 3 will be overruled.