**UNITED STATES v. CHIUMENTO et al.**

No. 1078.

District Court, D. New Jersey.

Feb. 23, 1943.

Charles M. Phillips, U. S. Atty., of Trenton, N. J., and John K. Carroll, Sp. Asst. to the U. S. Atty., of New York City, for the United States.

Frank M. Lario, of Camden, N. J., for defendants.

AVIS, District Judge.

Some time ago three defendants, John Chiumento, Margaret Chiumento, and Ruth Terilla, were convicted on eleven counts in the above indictment. Pending sentence counsel for the United States has requested that the Court, in imposing sentence, place the defendants, or some of them, on probation, and as a part of that probation require him or them to make settlement with the employees who, it is alleged, did not receive proper return for services rendered.

I have considered this suggestion carefully, and, from personal investigation or an examination of the cases submitted, I cannot come to the conclusion that I should extend the case by attempting to ascertain the amount of money due to each employee. It is impossible, from a civil viewpoint, to determine from the evidence submitted in the case the amount due to each person who claimed that she had been defrauded by defendants. It is apparent that the jury believed the defendants had violated the criminal provisions of the Act, but the statute does not provide that the court, after a criminal conviction, may in that same case, and without consent of defendants, fix the allowance provided for civil remuneration to employees.

552

The Act providing for criminal and civil liability reads as follows:

"(a) Any person who willfully violates any of the provisions of section 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both. No person shall be imprisoned under this subsection except for an offense committed after the conviction of such person for a prior offense under this subsection.

"(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.A. § 216.

The prosecution relies upon the provisions of the Probation Act, 18 U.S.C.A. § 724 et seq., and that part of 18 U.S.C.A. § 724 which reads as follows: "While on probation the defendant may be required to pay in one or several sums a fine imposed at the time of being placed on probation and may also be required to make restitution or reparation to the aggrieved party or parties for actual damages or loss caused by the offense for which conviction was had, and may also be required to provide for the support of any person or persons for whose support he is legally responsible."

There is nothing in the Probation Act which would justify the Court in deliberately fixing the amount due to employees, either under the testimony offered in the criminal proceedings or go further and attempt to fix the amount due by the taking of depositions to sustain the claims.

The remedy provided in the statute is of the nature of a claim for double the amount due, together with costs, and also a method of bringing suit for all parties presenting claims.

Undoubtedly the defendants would have the right under all of these statutes to a jury trial because questions of fact would be involved which must be determined in that way, unless waived.

I am satisfied I should not, under all of the circumstances, attempt to fix the liability, or condition a probation, based upon a requisite of payment to employees.