BONNER et al. v. ELIZABETH ARDEN, Inc.

Civ. 39-760.

United States District Court
S. D. New York.

Nov. 22, 1947.

On Motion to Amend Complaint
June 22, 1948.

244

David Friedman, of New York City, for plaintiffs.

Townley, Updike & Carter, of New York City (J. Howard Carter and John J. Macchia, both of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the defendant to dismiss the amended complaint in this action for lack of jurisdiction.

The action is brought by six employees of the defendant for overtime compensation, liquidated damages and attorneys' fees, under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

The original complaint alleged in one count that the activities for which compensation is asked consisted of changing clothes and other preparatory work prior to regular starting time, walking to the place of work in the plant, and similar activities at the end of the work period.

The amended complaint reasserts substantially all of the allegations of the original complaint, and then adds a second count with respect to the plaintiff John Gurney in which it is alleged that he was discharged by the defendant after the commencement of the action "for instituting this action for back wages due under this Act", and thereby sustained resulting damage.

The action, insofar as the first count is concerned, is for overtime compensation for purely portal-to-portal activities, and cannot be maintained without the jurisdictional allegations required by the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq. The amended complaint contains none of these allegations. The second count, for damages for alleged unlawful discharge of the plaintiff John Gurney, is framed under Sec. 15(a) (3) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 215(a) (3), for wilful violation of which only penal

sanctions are provided, 29 U.S.C.A., § 216 (a). This count has no proper place in an action for overtime compensation under the Fair Labor Standards Act of 1938, and adds nothing to the first count. Lynch v. Vincent, D.C., 48 F.Supp. 249; United States v. Chiumento, D.C., 49 F.Supp. 551.

The motion of the defendant to dismiss the amended complaint is in all respects granted.

### On Motion to Amend Complaint.

This is a motion by the plaintiffs for an order permitting them to amend their complaint "pursuant to Rule 60 of the Rules of Civil Procedure [28 U.S.C.A.]", and "for leave to discontinue the appeal if such relief is granted".

The action is by six employees of the defendant for overtime compensation, liquidated damages and attorneys' fees, under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and was commenced on January 22, 1947. The original complaint alleged in one count that the activities for which compensation was sought consisted of changing clothes and other preparatory work prior to regular starting time, walking to the place of work in the plant, and similar activities at the end of the working period. An amended complaint was thereafter served reasserting substantially all of the allegations of the original complaint, and then adding a second count with respect to one of the plaintiffs in which it was alleged that he had been discharged by the defendant after the commencement of the action for instituting the action, and had thereby sustained damage.

After the enactment of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., which became effective on May 14, 1947, the defendant moved to dismiss the amended complaint for failure to allege the jurisdictional facts required by that Act, and also for insufficiency. This motion came before me in October 1947, and was granted, after full consideration, on November 22, 1947, and on December 5, 1947, an order to that effect was signed, dismissing the amended complaint in all respects. Up to that point there had been no request or intimation by the plaintiffs of any desire

further to amend the complaint in order to comply with the Portal-to-Portal Act of 1947, and the order of dismissal contained no such leave to amend. The subsequent proceedings were as follows: On January 17, 1948, the plaintiffs appealed to the Circuit Court of Appeals from the order of December 5, 1947. Thereafter, and on February 21, 1948, the plaintiffs moved before Judge Bondy for the identical relief now sought by the plaintiffs in the present motion, and on April 10, 1948 the case was remanded by the Circuit Court of Appeals to the District Court to enable Judge Bondy "to hear and determine the said motion". Judge Bondy thereupon, by order of May 5, 1948, denied the motion on the ground that he "did not have power to review an order made by a judge of coordinate jurisdiction". Soon afterwards the present motion was made before me.

It is difficult to see what possible application Rule 60 has to the motion. This rule clearly does not concern itself with errors of the court, for these may readily be corrected on appeal. The moving affidavit seems to suggest that the court erred by not affording the plaintiffs an opportunity to amend their complaint, but the plaintiffs made no such request or intimation, and the court quite properly concluded that the plaintiffs desired to stand on the record as made, and the fact that the plaintiffs have appealed to the Circuit Court of Appeals from the order of dismissal fully bears out this conclusion.

Disregarding, however, the irregularities in the procedure followed by the plaintiffs, I think the motion must be denied, for the proposed amended complaint fails completely to meet the jurisdictional requirements of the Portal-to-Portal Act of 1947. It alleges, in paragraph IX, "That it was the custom and practice in this industry to pay these employees for overtime hours spent in preliminary and postliminary activities prior to and subsequent to the performance of their duties, but that the defendant failed and refused to make such payment to the plaintiffs herein."

This, clearly, is not a compliance with Section 2(a) (2) of the Act, which provides that "No employer shall be subject to any

liability * * * except an activity which was compensable by * * * (2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, * * *."

There may well have been such a custom or practice in the industry, which was not, however, in effect in the defendant's establishment.

The motion of the plaintiffs for an order permitting them to amend their complaint as shown by the proposed amended complaint is in all respects denied.