**MARKERT et al. v. SWIFT & CO., Inc., et al.**

Civ. 39-693.

United States District Court
S. D. New York.

June 22, 1948.

David Friedman, of New York City, for plaintiffs.

White & Case, of New York City (Thomas Kiernan, of New York City, of counsel), for defendants.

COXE, District Judge.

This motion is similar to the one in Bonner et al v. Elizabeth Arden, Inc., D.C., 80 F.Supp. 243, and little need be added to what was said in the opinion in that case.

The present action was commenced January 16, 1947, by 710 employees of the defendants for overtime compensation, etc., under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and the activities for which compensation was asked were typical Portal-to-Portal activities. After the enactment of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., the defendants moved before me to dismiss the complaint on the ground that it did not allege jurisdictional facts required by this latter Act, and on November 12, 1947 the motion was granted. An order to that effect was subsequently entered, from which the plaintiffs appealed on January 17, 1948 to the Circuit Court of Appeals. This appeal is still pending, but no steps have been taken to bring it on for argument.

On March 2, 1948 the plaintiffs moved before Judge Bondy for the same relief now sought by the present motion, and on April 10, 1948 the cause was remanded by the Circuit Court of Appeals to Judge Bondy to enable him to hear and determine the motion. Judge Bondy thereupon, by order of April 29, 1948, denied the motion "without prejudice, with leave to renew" before me.

The moving affidavit in support of the motion follows the same general lines, and is open to the same procedural objections, as the one in the Bonner case. But, passing these objections, I do not think that the proposed amended complaint meets the requirements of the Portal-to-Portal Act of 1947. Paragraph X of the proposed amended complaint reads as follows: "That it was the custom and practice in the defendants' plants to pay these employees overtime spent in preliminary and postliminary activities prior to and subsequent to the performance of their duties, but that

the defendants failed and refused to make such payment to the plaintiffs herein."

Section 2(a) (2) of the Act provides as follows: "No employer shall be subject to any liability * * * except an activity which was compensable by * * * (2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer."

In the original complaint it was alleged in paragraph VII that " * * * from on or about the 1st day of June, 1943, the defendants recognized the inequity of this situation and by agreement between the defendants and a union, these plaintiffs were allowed twelve minutes a day for changing of clothes before and after work, for which they were compensated. However, the plaintiffs, as listed on Schedule 'A' hereto annexed, were never compensated for time consumed in sharpening tools and walking to their particular position in the plants."

The proposed amended complaint makes no mention of the above agreement, but alleges that the plaintiffs, between October 24, 1938, to on or about June 1, 1943, "were required to enter the plants of the defendants prior to the regular starting time to sharpen their tools, secure and use proper uniforms for their duties before commencing their work, and to return said uniforms after their work, * * *." It is also alleged "that the computations shown on an attached schedule have allowed twelve minutes a day credit for which the employees were paid * * *." There are, however, no allegations that the "custom or practice", now for the first time asserted, is "not inconsistent" with the agreement admittedly entered into on or about June 1, 1943. I think that without such allegations the proposed amended complaint is fatally defective.

The motion of the plaintiffs for leave to file the proposed amended complaint attached to the moving papers is in all respects denied.