### UNITED STATES CARTRIDGE CO. v. POWELL et al.

No. 13663.

United States Court of Appeals Eighth Circuit.

Jan. 23, 1951.

R. H. McRoberts, Rhodes E. Cave and Marion S. Francis (of Bryan, Cave, McPheeters & McRoberts), all of St. Louis, Mo., for appellant.

Thomas Bond, St. Louis, Mo., for appellees.

William S. Tyson, Solicitor, Bessie Margolin, Asst. Solicitor, and William A. Lowe and E. Gerald Lamboley, Attys., Dept. of Labor, all of Washington, D. C., and Reid Williams, Kansas City, Mo., amici curiæ.

Before GARDNER, Chief Judge, and SANBORN, WOODROUGH, THOMAS, JOHNSEN, RIDDICK and COLLET, Circuit Judges.

COLLET, Circuit Judge.

In our original opinion, 185 F.2d 67, when we considered appellant's contention relating to Section 2 of the Portal-to-Portal Act, 29 U.S.C.A. § 252, we assumed that appellant was basing its argument that recovery could not be had for the periods of time involved upon the proposition alone that the proof presented was inadequate to support a recovery for payment for such periods of time. It was upon that assumption that we denied appellant's contention and held that the evidence was sufficient to support a finding that the periods of time in question were compensable under Section 2 of the Portal-to-Portal Act. It now appears from appellant's Motion to Recall the Mandate and to Modify the Opinion[1]

1. "Comes now the appellant, the defendant herein, and respectfully moves the Court to recall its mandate herein, and upon such recall to modify the opinion by inserting after the paragraph ending on page seven (7) of the typewritten opinion, and following the words: 'plaintiffs should have an opportunity on remand to make the appropriate amendment' the following: ', and defendant should have an opportunity to plead to any such amendment. Thereupon, both plaintiffs and defendant should be permitted to offer any proper evidence which they may desire to introduce in support of their respective pleadings under Section 2 of the Portal-to-Portal Act.' or that such opinion be modified substantially as above set forth by such changes as to the Court may seem proper to the end that it shall direct that the defendant be permitted to plead and prove any denials or defenses it may have under Section 2 of said Portal-to-Portal Act.

"As grounds for the foregoing the appellant states that since the overruling of its prior motion for a rehearing or to modify the opinion herein, it is con-

fronted with two possible courses of action, (1) a petition for certiorari to the Supreme Court of the United States, or (2) a prompt retrial in the District Court. In connection with the latter alternative, upon a study of the opinion as to the triable issues, it appears that such opinion is subject to the construction by the District Court that defendant is foreclosed as to any defense which it may have under Section 2 of the Portal-to-Portal Act, and that defendant may not be permitted to offer any evidence relating to the matters referred to therein. The portion of the opinion involved is that portion numbered 2, commencing on page 70 of 185 F.2d, which we quote for the convenience of the Court:

"2

" 'Defendant's second contention that it was incumbent upon the plaintiffs to plead affirmatively and to prove that the activities for which they sought compensation were compensable activities within the meaning of Section 2 of the Portal-to-Portal Act is answered in effect by what has been said relative to the foregoing contention of defendant. That is true because the plaintiffs are entitled to recover

that the opinion is being construed by appellees as holding that since the evidence submitted was sufficient to support a finding of compensability under the Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq., the question of liability under Section 2 of that Act is settled and appellant may not now amend its pleading to submit any defense it may have under Section 2, or offer evidence in support of such defense. Appellant's statement in its motion of appellees' position in this regard is verified by appellees' Suggestions in Opposition to Appellant's Motion. We could have settled the

if they can show that by the terms of their employment they were entitled to compensation for the time prior to the regular shift and for the lunch hour period. They undertook to do that. If they succeeded in doing so, then the Portal-to-Portal Act does not bar such compensation. The trial court found that they had done so and as stated, the finding was sufficiently supported by the record. Hence the requirement as to proof was met by the evidence. Since the time claimed before the beginning of the regular shifts and the 30-minute lunch periods are of the character which the Portal-to-Portal Act requires that there should be a contract expressly providing compensation for, or a custom or practice consistent with an intention that there be compensation for such time and not inconsistent with an existing contract, before compensation may be recovered for such time, a formal compliance with the requirement of the Act would require that the conditions precedent to recovery, specified in the Act, be pleaded. Battaglia v. General Motors Corporation, 2 Cir., 169 F.2d 254; Bonner v. Elizabeth Arden, Inc., 2 Cir., 177 F.2d 703. Plaintiffs should have an opportunity on remand to make the appropriate amendment.'

"Appellant further states that not only is the portion of the opinion above quoted susceptible of the construction herein complained of, but that it actually has been, and now is, so construed by counsel for the appellees. On December 19, 1950 appellees, through counsel, filed an amendment to their complaint seeking to bring themselves and their activities within the exceptions mentioned in Section 2 of the Portal-to-Portal Act, and stated, at the time of obtaining leave of the District Court to file such amendment, in effect, that the amendment was merely being made to conform to the proof and that the same was made pursuant to this Court's opinion; and further stated in effect, that the issues involved had been tried and finally determined in appellees' favor and could not again be considered upon retrial by the District Court. A copy of the amendment so filed, pursuant to leave is attached hereto and marked Exhibit A.

Appellant further states that it believes that this Court did not intend that its opinion be so construed; that the opinion taken as a whole, indicates that all issues arising under the Portal-to-Portal Act should be triable issues upon a retrial of the case. This must be true, and such must have been the intention of this Court, as the Portal-to-Portal Act had not been enacted at the time of the former trial and at that time appellant did not have the defenses given by the Act, and, of course, could not offer any evidence relating thereto. These defenses and the matters referred to in all Sections of the Act, especially 2, 9, and 11, now constitute triable issues, and appellant believes that this Court, in its opinion has so stated, or has intended to so state. As one indication of this intention attention is called to a portion of the Court's opinion, numbered 7, commencing on page 73 of 185 F.2d thereof wherein the Court further considers the applicability and effectiveness of the Portal-to-Portal Act, and points out that the Portal-to-Portal Act was not in effect at the time of the trial of this case, that it could not have been pleaded and that 'any issues made possible by the Portal-to-Portal Act could not formally have been tendered to the trial court and no evidence peculiar alone to those issues could have been properly admitted, absent the existence of the issues themselves.'

"In view of the foregoing appellant states that this Court should modify its opinion as above set out, or by other appropriate amendment, to the end that there be no possibility that such opinion, or any part thereof, be construed as foreclosing the appellant from offering any evidence it may have in defense and in contradiction to the alleged facts set out in any amendment made by appellees to bring themselves within the exceptions set out in Section 2 of the Portal-to-Portal Act.

"Wherefore, appellant prays of this Court that it recall its mandate herein, and that upon such recall the opinion be modified in the manner above set out, and for such other orders as to the Court shall seem meet and proper."

614

question of liability on this issue only in the event there was no further evidence to be presented on the subject. If there was no further evidence to be offered, then the amendment of appellees' pleading which we suggested would be purely formal and the question of compensability under Section 2 could be treated as closed. But we had no more right to the conclusive presumption that appellant had no further evidence on any defense made available to it by any part of the Portal-to-Portal Act than the trial court had. And it would be improper for us to prevent appellant from making, or the trial court from considering, any such defense if there was a possibility of further evidence on retrial. Since appellant's motion indicates not only such a possibility but an intention on its part to offer further evidence on the subject on retrial, it should have the opportunity to do so.

Complaint is made by appellees that the present motion is untimely after a motion for rehearing has been overruled. We do not agree. The erroneous construction of the opinion was not asserted until after the remand of the cause. It was not until then that the possible ambiguity of the opinion became a probable source of difficulty in the retrial of the cause. It was then appropriate, before preparation for the retrial of the cause, that request for clarification be made.

For the reasons heretofore stated, the motion is granted, our mandate is recalled, and the opinion is modified by inserting after the paragraph ending on Page 7 of the typewritten opinion [185 F.2d 71], following the words "Plaintiffs should have an opportunity on remand to make the appropriate amendment"—the following words and figures, to-wit: ", and defendant should have an opportunity to plead to any such amendment. Thereupon, both plaintiffs and defendant should be permitted to offer any proper evidence which they may desire to introduce in support of their respective pleadings under Section 2 of the Portal-to-Portal Act."

For the reasons and purposes stated in our original opinion, this cause is remanded for further action consistent with our opinion as modified herein.