**BONNER et al. v. ELIZABETH ARDEN, Inc.**

No. 46, Docket 21412.

United States Court of Appeals Second Circuit.

Argued Oct. 11, 1947.

Decided Nov. 2, 1949.

David Friedman, New York City, attorney for plaintiffs-appellants.

Townley, Updike & Carter, New York City, attorneys for defendant-appellee; J. Howard Carter, John J. Macchia, New York City, of counsel.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

This appeal calls for decision as to whether the first count of the amended complaint in a suit brought by employees of the appellee to recover unpaid overtime compensation, liquidated damages and attorneys' fees pursuant to § 16(b), states a cause of action over which the district court had jurisdiction after the effective date of the Portal to Portal Act of 1947, 29 U.S.C.A. § 251 et seq., and, if not, whether a proposed amendment made after that date would remedy the defect. Also to be determined is whether a second count for damages for the discharge of one of the plaintiffs for instituting this suit states a cause of action over which the district court had jurisdiction under § 15(a) (3) of the Fair Labor Standards Act, 29 U.S.C.A. § 215(a) (3), and, if not, whether a proposed amendment would remedy the defect. The district court dismissed the amended complaint and denied leave to file the proposed additional amended complaint.

The activities of the plaintiffs which formed the basis of the first cause of action alleged in the original complaint, filed January 22, 1947, were changing their clothes,

doing "other preparatory work" and walking to their regular positions of employment inside the plant before their regular working time began, as well as changing their clothes and washing up after their regular working time ended. The amended complaint which was dismissed alleged nothing which would give the court jurisdiction after the effective date of the Portal to Portal Act and the dismissal was clearly right under § 2 of that Act, 29 U.S.C.A. § 252. Battaglia v. General Motors Corporation, 2 Cir., 169 F.2d 254; Seese v. Bethlehem Steel Co., 4 Cir., 168 F.2d 58.

The dismissal of the second count was also necessary and proper since the Fair Labor Standards Act, supra, confers no jurisdiction upon the court over a civil action to recover damages for the discharge of an employee in violation of the statute. Such action must be redressed, if at all, by criminal proceedings in conformity with § 15(a) (3) of the Act. Cf. United States v. Chiumento, D.C.N.J., 49 F.Supp. 551.

The proposed amended complaint added to the first count allegations that "it was the custom and practice in this industry to pay these employees for overtime hours spent in preliminary and postliminary activities prior to and subsequent to the performance of their duties" and that "pursuant to the custom in the trade such activities were compensable work." But there was no allegation, as § 2 of the statute requires, in respect to activities engaged in prior to May 14, 1947, to the effect that these activities were compensable either by a contract between the employee, or someone acting for him, and the employer in effect at the time they took place, or in accordance with a custom or practice at the place of employment covering such activities, in effect at the time they took place, and not inconsistent with a contract binding both employees and employer and in effect at the time. Consequently as regards activities engaged in prior to May 14, 1947, the first count of the proposed amended complaint failed to comply with the jurisdictional requirements of § 2 of the Portal to Portal Act, supra. See Markert v. Swift & Co., 2 Cir., 173 F.2d

517, 520; Code Fed.Regs.Supp.1947, Title 29, § 790.10(d).

The proposed amended complaint, however, was dated February 21, 1948, and it alleged in part that "These plaintiffs, from October 24, 1938 to the present time" were engaged in the kind of activities already mentioned. That is, it purported to set up a claim for compensation not only for activities prior to May 14, 1947, to which § 2 of the Portal to Portal Act is applicable, but for those engaged in thereafter, activities which are governed by § 4 of the Act. However, we need not determine whether a cause of action was stated despite § 4. For, if we consider the claim asserted as to the period after May 14, 1947, as arising out of the "conduct, transaction, or occurrence" set forth in the original amended complaint, within Rule 15(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., under that rule the proposed amendment would relate back to the date of the original pleading, and the words "to the present time" would have to be disregarded. If on the other hand, as seems more reasonable, we treat the proposed amended complaint as "a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented", within subdivision (d) of Rule 15, supra, plaintiffs' claim, in so far as it relates to activities engaged in after May 14, 1947, still must fail. For where the pleading sought to be supplemented is a complaint that fails to state a cause of action (as the original amended complaint here failed, upon the enactment of the Portal to Portal Act), the plaintiff cannot avoid the effect of lack of jurisdiction over the original action by alleging a new cause of action subsequently accruing because of later transactions, occurrences or event. Bowles v. Senderowitz, D.C.E.D. Pa., 65 F.Supp. 548, modified on other grounds, Porter v. Senderowitz, 3 Cir., 158 F.2d 43; Berssenbrugge v. Luce Mfg. Co., D.C.W.Mo., 30 F.Supp. 101.

Plaintiffs also proposed to amend count two of the amended complaint, the one for wrongful discharge in violation of § 15(a)

706

(3) of the Fair Labor Standards Act, 29 U.S.C.A. § 215(a) (3), by changing it into a count for breach of contract, but there are no allegations to show diversity jurisdiction.

Since the proposed amended complaint did not bring either cause of action within the jurisdiction of the court, leave to file it was denied without error.

Affirmed.