**Diana K. POWELL, Plaintiff,**

v.

**The WASHINGTON POST COMPANY and James P. Mitchell, Secretary of Labor for the United States of America, Defendants.**

**Civ. A. No. 1351.**

United States District Court
District of Columbia.

Oct. 1, 1958.

Diana K. Powell, Washington, D. C., for plaintiff.

George Blow, Washington, D. C., for Washington Post.

Oliver Gasch, U. S. Atty., Edward P. Troxell, E. Riley Casey, Asst. U. S. Attys., William Laverick, Washington, D. C., for James P. Mitchell.

CURRAN, District Judge.

The plaintiff, Diana K. Powell, was employed by the defendant, the Washington Post Company, as a part-time clerk until April 1958. In her complaint she alleged that the Washington Post Company discriminated against her and discharged her, in violation of Section 15(a) (3) of the Fair Labor Standards Act, 29 U.S.C.A. § 215. She demands that the Washington Post Company reinstate her in adequate and suitable employment and to pay her such compensation from the time unemployed as this Court may deem just and proper.

Section 15(a) of the Fair Labor Standards Act provides that:

"it shall be unlawful for any person * * * to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

A willful violation of this Section subjects the offender to a criminal penalty under Section 16(a) of the Act. Jurisdiction to restrain violations of Section 15 is conferred upon the District Courts by Section 17 of the Act. This Section reads as follows:

"The district courts * * * shall have jurisdiction, for cause shown, to restrain violations of section 15: Provided, That no court shall have jurisdiction, in any action brought by the Administrator to restrain such violations, to order the payment to employees of unpaid minimum wages or unpaid overtime compensation or an additional equal amount as liquidated damages in such action."

Section 11(a) of the Act provides, in part, as follows:

"Except as provided in section 12, the Administrator shall bring all actions under section 17 to restrain violations of this Act."

The authority of the Administrator was transferred to the Secretary of Labor in May 1950 under their Reorganization Plan No. 6. In this case the Secretary of Labor has not brought such an action. There is no language in the Statute which can be construed as compelling the Secretary of Labor to file suit whenever an allegation of a violation is received by the Department. The authority of the Secretary of Labor is exclusive and this Court has no jurisdiction of a suit brought by an employee who alleges that such was discriminately discharged in violation of Section 15(a)(3) and demands reinstatement. The Fair Labor Standards Act makes no provision for a civil action by an employee allegedly discriminately discharged in violation of Section 15(a)(3) of the Act to recover damages for such discharge. For these reasons the motion of the Washington Post Company to dismiss the action for lack of jurisdiction is granted and the motion for summary judgment for the plaintiff is denied; the motion to join James P. Mitchell, Secretary of Labor, as an involuntary plaintiff and for judgment on the pleadings is denied; and the motion for summary judgment as to defendant James P. Mitchell is granted. Counsel for the defendants will prepare the proper order.