**Diana K. POWELL, Appellant,**

v.

**WASHINGTON POST COMPANY and James P. Mitchell, Secretary of Labor, Appellees.**

**No. 14823.**

United States Court of Appeals District of Columbia Circuit.

Argued March 11, 1959.

Decided April 23, 1959.

Miss Diana K. Powell, appellant pro se.

Mr. George Blow, Washington, D. C. with whom Mr. James C. McKay, Wash-

ington, D. C., was on the brief, for appellee The Washington Post Company.

Mr. Jack Marshall Stark, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee James P. Mitchell, Secretary of Labor. Mr. Walter J. Bonner, Asst. U. S. Atty., also entered an appearance for appellee James P. Mitchell, Secretary of Labor.

Before PRETTYMAN, Chief Judge, and FAHY and BURGER, Circuit Judges.

## PER CURIAM.

This is a civil action brought by our appellant, Diana K. Powell. She alleged she had been employed as a part-time clerk by The Washington Post Company; she several times notified responsible officers of the Company that clerks in its employ were working in violation of the Fair Labor Standards Act; and, when the Company was informed of her intention to submit the matter to the Department of Labor, she was discharged. She alleged this discharge was in violation of Section 15(a) (3) of the Act.[1] She prayed that the Company be required to reinstate her in adequate suitable employment and pay her compensation for the time she was unemployed, that the defendant Secretary of Labor be required to investigate the conditions described in her complaint, and that he take such further action as might be necessary to restrain continued violations of the Act. The Washington Post Company moved to dismiss, and the Secretary filed an answer and a motion for judgment on the pleadings and then a motion for summary judgment. Attached to the latter motion was an affidavit of an official of the Department of Labor, showing he had made an investigation of the operations of the Company and had been unable to find any evidence of violation of the statute. An affidavit filed by the plaintiff verified the fact that such an investigation had been made. The District Court dismissed as to The Washington Post Company and granted the Secretary's motion for summary judgment.

Section 11(a) of the Fair Labor Standards Act[2] provides, in part: "Except as provided in section 12, the Secretary of Labor shall bring all actions under section 17 to restrain violations of this Act." In so far as plaintiff's prayer relates to action by the Secretary to restrain violations, the answer is that the appeal is to his discretion, as the quoted provision of the statute makes clear. In so far as she prayed that the Secretary be required to investigate, the answer is undisputed that such an investigation was made. In so far as The Washington Post Company is concerned, the Fair Labor Standards Act makes no provision for a civil action by an employee to recover damages for discharge in violation of the Act or for reinstatement. The statute does provide[3] that employees may recover in a civil action unpaid minimum wages or unpaid overtime compensation, plus an additional equal amount as liquidated damages. But our appellant did not claim unpaid minimum wages or unpaid overtime compensation.

The judgment of the District Court must be and is affirmed.[4]

Affirmed.

1. 52 Stat. 1068 (1938), 29 U.S.C.A. § 215 (a) (3).

2. 52 Stat. 1066 (1938) as amended, 29 U.S. C.A. § 211(a).

3. 52 Stat. 1069 (1938), as amended, 29 U.S.C.A. § 216(b).

4. Compare Bowe v. Judson C. Burns, 137 F.2d 37 (3d Cir. 1943); Roberg v. Henry Phipps Estate, 156 F.2d 958 (2d Cir. 1946).