Joseph BRITTON et al., Plaintiffs,

v.

GRACE LINE INC., Defendant.

United States District Court
S. D. New York.

Dec. 5, 1962.

Jacob Rassner, New York City, for plaintiffs.

Cahill, Gordon, Reindel & Ohl, New York City, Arthur Mermin, H. Richard Schumacher, New York City, of counsel, for defendant.

McLEAN, District Judge.

This action is purportedly brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. Defendant moves under Rule 12(b) to dismiss the action for failure to state a claim upon which relief can be granted and for lack of jurisdiction over the subject matter. Plaintiffs move for a preliminary injunction.

Plaintiffs are former employees of defendant. The complaint alleges that while they were still employees, plaintiffs, together with other employees, brought an action against defendant to recover wages and overtime compensation allegedly due them. That action is still pending in this court. The present complaint further alleges that because the plaintiffs instituted the prior action defendant discharged them, in violation of Section 15(a) (3) of the Act (29 U.S.C. § 215(a) (3)). The complaint asks that defendant be enjoined from further violation of the Act, that an order be made

directing reinstatement of plaintiffs, and that plaintiffs have judgment for the wages lost by reason of their discharge, together with liquidated damages and counsel fees.

 29 U.S.C. § 217 confers upon the district courts jurisdiction to restrain violations of 29 U.S.C. § 215. 29 U.S.C. § 211(a) provides that "Except as provided in section 212 of this title, the Secretary of Labor shall bring all actions under section 217 of this title to restrain violations of this chapter." Section 212, referred to in the passage quoted, relates to child labor and has no application here.

It has been held that the effect of Section 211(a) is to vest in the Secretary of Labor alone the right to sue for an injunction to restrain violations of Section 215, and that the discharged employees may not maintain such an action. Roberg v. Henry Phipps Estate, 156 F.2d 958 (C.A.2d, 1946); Powell v. Washington Post Company, 168 F.Supp. 41 (D.D.C.1958); aff'd 105 U.S.App.D.C. 374, 267 F.2d 651 (1959), cert. denied 360 U.S. 930, 79 S.Ct. 1449, 3 L.Ed.2d 1544 (1959); Bowe v. Burns, 137 F.2d 37 (C.A. 3rd, 1943).

It is clear, therefore, that, as far as injunctive relief, including an order for reinstatement, is concerned, this court is without jurisdiction to entertain the present action.

 With respect to their claim for damages, plaintiffs are in no better position. Under 29 U.S.C. § 216, an employee may sue his employer for unpaid minimum wages or overtime compensation. The present plaintiffs have already done so, in the prior action which is still pending. But the Act makes no provision for an action by a discharged employee to recover damages for his discharge in violation of Section 215(a) (3). In view of that fact, it has been held that the court is without jurisdiction to entertain such an action for damages. Bonner v. Elizabeth Arden, Inc., 177 F.2d 703 (C.A. 2d, 1949); Powell v. Washington Post Company, supra.

The rule laid down by these decisions requires that the present action be dismissed. It is, therefore, unnecessary to consider plaintiffs' motion for a preliminary injunction, which must inevitably fail.

Defendant's motion to dismiss the action is granted. Plaintiffs' motion for a preliminary injunction is denied. So ordered.