Helen K. DeMUTH, Appellant,

v.

The WASHINGTON POST COMPANY and Warren E. Morgan, Appellees.

No. 3646.

District of Columbia Court of Appeals.

Argued April 5, 1965.

Decided June 16, 1965.

Walter E. Gillcrist, Washington, D. C., with whom Edward L. Carey, Washington, D. C., was on the brief, for appellant.

Roger A. Clark, Washington, D. C., for appellee Washington Post Co.

M. Michael Cramer, Washington, D. C., with whom H. Thomas Sisk, Washington, D. C., was on the brief, for appellee Warren E. Morgan.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellant brought this action against appellees, The Washington Post Company and Warren E. Morgan, alleging that she had been in their employ and while so employed had filed a complaint with the Department of Labor charging her employers with violation of the minimum wage laws; that as a result she had collected the back wages due her; but also as a result she had been unlawfully discharged in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a) (3). She sought damages for the wrongful discharge, which damages, presumably, would be measured by the wages lost incident to the discharge.

Both appellees moved to dismiss the complaint on the ground that the Fair Labor Standards Act makes no provision for a civil action by an employee for damages for an unlawful discharge. The motions were granted and this appeal followed.

In Powell v. Washington Post Company, 105 U.S.App.D.C. 374, 267 F.2d 651, cert. denied, 360 U.S. 930, 79 S.Ct. 1449, 3 L.Ed. 2d 1544 (1959), a claim was made against The Washington Post Company by a former employee for compensation for losses resulting from a discharge in violation of § 15(a) (3) of the Fair Labor Standards Act. In affirming a dismissal of that claim, the court said: "In so far as The Washington Post Company is concerned, the Fair Labor Standards Act makes no provision for a civil action by an employee to recover damages for discharge in violation of the Act or for reinstatement."[1]

Appellant seeks to avoid the ruling in Powell by pointing to Mitchell v. Robert De Mario Jewelry, Inc., 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960), decided after Powell was written. The Mitchell case dealt with a question different from the one here. The exact holding in Mitchell was that "in an action by the Secretary to restrain violations of § 15(a) (3), a District Court has jurisdiction to order an employer to reimburse employees, unlawfully discharged or otherwise discriminated against, for wages lost because of that discharge or discrimination." (361 U.S. at p. 296, 80 S.Ct. at p. 337) In the course of its opinion the court (at p. 293, 80 S.Ct. at p. 336) cited the Powell and Bonner cases, saying: "Even assuming, without deciding, that the Act did not contemplate the private vindication of rights it bestowed * * *." The dissent in Mitchell took the position that "a wrongfully discharged employee may maintain in his own right an action at law, triable by a jury, under either § 16(b) or the common law * * * to recover wages lost by the employee as a result of his wrongful discharge." (361 U.S. at p. 303, 80 S.Ct. at p. 341)

Appellant is correct when she says in her brief: "The specific issue raised in this cause remains undecided by the Supreme Court." However, while the Supreme Court did not expressly approve the Powell case, neither did it disapprove it. Thus, as far as we are concerned, Powell is the final word on the subject as stated by

---

1. This ruling was in accord with Bonner v. Elizabeth Arden, Inc., 177 F.2d 703 (2nd Cir. 1949). See also Bowe v. Judson C. Burns, 137 F.2d 37 (3rd Cir. 1943); Britton v. Grace Line Inc., 214 F.Supp. 295 (S.D.N.Y.1962).

the highest court of this jurisdiction. If Powell is to be reviewed in the light of Mitchell, such review must be by the court which decided Powell, and not by this court.

Affirmed.