**Ida MARTINEZ, Plaintiff-Appellant,**

v.

**BEHRING'S BEARINGS SERVICE, INC., Defendant-Appellee.**

No. 73–3649.

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1974.

Rehearing and Rehearing En Banc Denied Dec. 2, 1974.

William C. Kaufman, III, Baton Rouge, La., for plaintiff-appellant.

Bailey E. Chaney, Thomas H. Watts, Baton Rouge, La., for defendant-appellee.

Before BROWN, Chief Judge, and RIVES and DYER, Circuit Judges.

RIVES, Circuit Judge:

The issue to be decided in this case is whether section 15(a)(3) of the Fair Labor Standards Act (29 U.S.C. §

215(a)(3)) should be construed to give a right of action for damages to an employee who claims that the cause of her dismissal from employment was her having twice complained about her wage scale to the Wage and Hour Division of the U. S. Department of Labor. The district court dismissed the plaintiff's complaint for lack of jurisdiction and for failure to state a claim upon which relief could be granted. 363 F.Supp. 428. We affirm.

Plaintiff alleges that she filed a complaint with the Wage and Hour Division in October, 1969, which resulted in her being paid $445.22 in back wages; and a second complaint in September, 1970, which resulted in her being paid $445.74 in back wages. On March 1, 1972, she was dismissed from her employment for the assigned cause of "numerous consumer complaints," but in fact, so the plaintiff alleges, because of her two complaints to the Wage and Hour Division.

■ The plaintiff makes no claim to a fixed or ascertainable term of employment. Under Louisiana law, in the absence of such a claim, she would have no right of action for dismissal whether with or without cause. 23 La.L.Rev. 553, 556 and cases there cited. Instead the plaintiff bases her claim upon the following provision of section 15(a)(3) of the Fair Labor Standards Act.

> "(a) . . . it shall be unlawful for any person—
>
> ". . . . . . .
>
> "(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

The plaintiff relies on Judge Rubin's scholarly opinion in Fagot v. Flintkote Company, E.D.La.1969, 305 F.Supp. 407. She acknowledges that the following earlier decisions have reached the opposite conclusion, namely, that there is no private right of action for damages for an employer violation of section 15(a)(3) of the Fair Labor Standards Act. Powell v. Washington Post Co., 1959, 105 U. S.App.D.C. 374, 267 F.2d 651, cert. den., 360 U.S. 930, 79 S.Ct. 1449, 3 L.Ed.2d 1544; Bonner v. Elizabeth Arden, Inc., 2 Cir. 1949, 177 F.2d 703; Britton v. Grace Line, Inc., S.D.N.Y.1962, 214 F. Supp. 295. Thus, among cases construing the Fair Labor Standards Act, the only one supporting the plaintiff's claim is *Fagot, supra.*

■■ The Act provides for its enforcement by both criminal and civil proceedings. Those provisions include criminal penalties for violation of section 15, civil rights of action for unpaid overtime and for unpaid minimum wages, and injunctive relief. See 29 U. S.C. § 216. It seems evident to us that Congress did not see fit to provide any right of action for damages for wrongful discharge of an employee. Powell v. Washington Post Co., *supra,* holding that no such right of action should be implied, was decided more than fourteen years ago, and Congress has not yet seen fit to provide such a remedy. After all, the courts' duty in the premises is simply to make effective the purpose and intent of Congress. We conclude, that under the circumstances, there is not such necessity for effectuating the congressional purpose as to place on the courts either the duty or the privilege to add a remedy to those provided by Congress. See J. I. Case Co. v. Borak, 1964, 377 U.S. 426, 433, 84 S.Ct. 1556, 12 L. Ed.2d 423; Breitwieser v. KMS Industries, Inc., 5 Cir., 1972, 467 F.2d 1391, 1394; Love v. Temple University, E.D. Pa.1973, 366 F.Supp. 835, 841.

The judgment is therefore

Affirmed.

JOHN R. BROWN, Chief Judge (dissenting):

I respectfully dissent. This case falls squarely under the reasoning first adopted and still followed by the Supreme Court in Texas & Pac. Ry. v. Rigsby, 1916, 241 U.S. 33, 39, 36 S.Ct. 482, 484, 60 L.Ed. 874, 877. There the Court implied a civil remedy from the Federal Safety Appliance Act, thus allowing the employee to recover damages: "A disregard of the command of the statute is a wrongful act, and where it results in damage to one of the class for whose especial benefit the statute was enacted, the right to recover the dam-

ages from the party in default is implied, . . ." *Id.* at 39, 36 S.Ct. at 484.

The language and its meaning are clear, precise, and eminently sensible. The Supreme Court has since followed its own dictate and applied the "implied remedies" theory to a wide range of statutes involving such areas as voting rights,[1] property rights,[2] a rivers and harbors act,[3] securities,[4] and railway labor legislation.[5] The most recent pronouncement of the Supreme Court on implied rights continues forthrightly to hold that "private rights of action may be implied in favor of the intended bene-

ficiaries of an Act in order to enforce compliance with its provisions." Bolger v. Laventhol, Krekstein, Horwath & Horwath, D.C.1974, 381 F.Supp. 260.[6]

This same theory has, not suprisingly, been received and securely anchored —though sometimes wrongfully rejected as the majority does here[7]—in the judicial practice of this Court. Gomez v. Florida State Employment Service, 5 Cir., 1969, 417 F.2d 569.[8] *Gomez* reinforced this Court's acceptance of implied remedies for two reasons: (i) the intended beneficiaries of an act are the most logical guardians of their own rights, *id.* at 575–576, and (ii) the im-

1. See Allen v. State Bd. of Elections, 1969, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1. The Court stated that an act created for the purpose of protecting a certain class of citizens would invest in members of that class an implied right to sue for its enforcement; such an act would most surely fail to achieve its purpose if the beneficiaries were not allowed to privately seek its enforcement. 393 U.S. at 557, 89 S.Ct. 817.

2. See Jones v. Alfred H. Mayer Co., 1968, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189. Upholding an 1866 federal property rights statute, 42 U.S.C. § 1982, the Court implied a civil remedy on the basis that a right had been declared by the statute—a right for which the courts would provide a remedy in spite of a lack of an enforcement method stated in the statute. 392 U.S. at 414 n. 13, 88 S.Ct. 2186.

3. See Wyandotte Transp. Co. v. United States, 1967, 389 U.S. 191, 88 S.Ct. 379, 19 L.Ed.2d 407; United States v. Republic Steel Corp., 1960, 362 U.S. 482, 80 S.Ct. 884, 4 L.Ed.2d 903.
   *Wyandotte* concluded that the remedies provided in Section 15 of the Rivers and Harbors Act of 1899 were not exclusive. 389 U.S. at 197, 88 S.Ct. 379. Civil actions are proper by persons within the protected class of the statute who were harmed by its violation. *Id.* at 202, 88 S.Ct. 379.
   In *Republic Steel* the Court stated that as long as the congressional intent is clear, "appropriate remedies may be fashioned even though they rest on inferences. Otherwise we impute to Congress a futility inconsistent with the great design of this legislation." 362 U.S. at 492, 80 S.Ct. at 890.

4. See J. I. Case Co. v. Borak, 1964, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423; Deckert v. Independence Shares Corp., 1940, 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189.
   Although no express claim was given to shareholders victimized in *Borak* by a viola-

tion of a SEC regulation of proxies, such a claim was nevertheless implied. 377 U.S. at 432, 84 S.Ct. 1555.

5. See Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 1944, 323 U.S. 210, 65 S.Ct. 235, 89 L.Ed. 187; Steele v. Louisville & Nashville R. R. Co., 1944, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173; Texas & New Orleans R.R. v. Brotherhood of Ry. & S.S. Clerks, 1930, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034.
   Once a legal obligation is raised by the statute, here the Railway Labor Act of 1926, then *Texas & New Orleans R.R.* concluded that that obligation may be enforced by appropriate proceedings. 281 U.S. at 569, 50 S.Ct. 427.

6. The Court interpreted § 206 of the Investment Advisers Act as implying a remedy to members of the class of persons who paid for investment advice since the purpose of the Act is to protect persons from fraudulent investment advisers.

7. See Johnson v. State of Mississippi, 5 Cir., 1974, 491 F.2d 94 (Brown, Chief Judge, dissenting, joined by Wisdom, Thornberry, Goldberg, and Ainsworth, Circuit Judges); Intracoastal Transp. Inc. v. Decatur County, 5 Cir., 1973, 482 F.2d 361, 368 (Wisdom, J., dissenting); Breitwieser v. KMS Industries, Inc., 5 Cir., 1972, 467 F.2d 1391, 1397 (Wisdom, J., dissenting).

8. Other jurisdictions have vigorously implied civil remedies, see *e. g.* Errion v. Connell, 9 Cir., 1956, 236 F.2d 447 (corporate securities control); Fitzgerald v. Pan American World Airways, 2 Cir., 1956, 229 F.2d 499 (airline regulation); Love v. Temple University—of the Commonwealth Sys. of Higher Education, E.D.Pa.1973, 366 F.Supp. 835, 837–838 (Equal Pay Act); Fagot v. Flintkote Co., E.D.La.1969, 305 F.Supp. 407 (labor, FLSA); Mortimer v. Delta Airlines, N.D.Ill.1969, 302 F.Supp. 276 (airline regulation).

plied remedy insures the more complete enforcement of an act by allowing private individuals to help police its violations. *Id.* at 576. See Drew v. Liberty Mutual Ins. Co., 5 Cir., 1973, 480 F.2d 69.[9]

The carefully plotted history of implied remedies more surely encompasses the claim at hand. Plaintiff Martinez filed complaints against her employer with the Wage and Hour Division of the U.S. Department of Labor; she was then fired and alleges that her discharge violated § 15(a)(3) of the FLSA, thus making the discharge wrongful. There can be no doubt that the purpose of the FLSA was and is to protect interstate employees by denying their employers the tool of toying with workers' wages when battling in the competitive market.[10]

It is in the light of that purpose—a protection of the interstate employee—that the entire statute should be interpreted. Ms. Martinez is clearly a beneficiary under the Act; as an interstate employee she sought relief under Act for minimum wages. Because of the exercise of this right, she alleges, she was

discharged. Such a discharge is prohibited by § 15(a)(3) of the FLSA and Ms. Martinez as the victim of the discharge should be implied a claim.

The Court is quick to conclude that because some remedies are laid out in the FLSA, all others are precluded. Such a conclusion can only be reached after apply the principles of the implied remedies theory as accepted by the Supreme Court, (notes 1, 2, 3, 4, 5, 6 *supra*), and this Court, (see *Gomez, supra*).[11] In sum, these principles dictate that the relief under an act is in no way limited unless: (i) the act contains an express statement that an action is to the exclusion of all others, or (ii) the intent of the Act indicates a limited type of relief.

Neither of these exceptions exist in Ms. Martinez's case. The FLSA expressly provides for the following causes of action: (i) criminal liability, 29 U.S. C.A. § 216(a); [12] (ii) all injunctive relief to be sought by the Secretary, 29 U.S.C.A. § 211(a), § 217; [13] and (iii) an employee claim for unpaid minimum wages or overtime wages, 29 U.S.C.A. § 216(b).[14] None of the actions are

---

9. Plaintiff in *Drew* was fired for filing a sex discrimination complaint under Title VII of the Civil Rights Act of 1964. This Court implied plaintiff's claim for wrongful discharge by stating "[We] should not lightly assume that Congress sought to do away with the chance that private litigants might in this manner alleviate the burden on EEOC members. . . ." 480 F.2d at 74; see *e. g.*, Pettway v. American Cast Iron Pipe Co., 5 Cir., 1969, 411 F.2d 998; Jenkins v. United Gas Corp., 5 Cir., 1968, 400 F.2d 28.

10. See *e. g.* 29 U.S.C.A. § 202(a); United States v. Darby, 1941, 312 U.S. 100, 109, 61 S.Ct. 451, 455, 85 L.Ed. 609, 614; Breitwieser v. KMS Industries, Inc., 5 Cir., 1972, 467 F.2d 1391, 1394; Fagot v. Flintkote Co., E.D.La.1969, 305 F.Supp. 407.

11. See *e. g.* Note, Implying Civil Remedies From Federal Regulatory Statutes, 77 Harv. L.Rev. 205 (1963).

12. Section 216(a) provides:

Any person who willfully violates any of the provisions of section 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both. No person shall be imprisoned under this subsection except for an offense committed after the conviction of such person for a prior offense under this subsection.

13. Section 217 provides:

The district courts, together with the United States District Court for the District of the Canal Zone, the District Court of the Virgin Islands, and the District Court of Guam shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter (except sums which employees are barred from recovering, at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title).

Section 211(a) provides in part:

Except as provided in section 212 of this title, the Secretary of Labor shall bring all actions under section 217 of this title to restrain violations of this chapter.

14. Section 216(b) provides:

(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of compe-

couched in language excluding all other remedies. The intent of the Act also fails to limit Ms. Martinez's claim. To the contrary, it implies her claim by purporting to protect interstate employees.

We recognize, as the Court points out, that this statute appears to present exclusive remedies by the precision with which it lists certain remedies. But the Court can surely not declare that Congress meant to ignore the most obvious and glaring violation of the Act—the wrongful dismissal of an employee seeking the protection of her rights under the Act. The Court apparently wipes this most important employee right from the Act merely because the Act specifically fashioned a claim for the violation of another employee right—the right to minimum and overtime wages, (see note 14 *supra*).

Ms. Martinez's claim in no way diminishes the powers of the Secretary to police violations of the Act. The Secretary, after all, sits in a position as agent for all interstate employees with the task of insuring that all employees reap the benefits of the Act—even those too timid, unknowing, or threatened to bring their own action. Those employees wishing to sue in his or her own behalf can only lighten the burden of the Secretary and increase the effectiveness of the Act.[15]

To deny plaintiff an implied civil remedy is to deny Congress its full intent in enacting the FLSA.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORN-TON, BERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, RONEY and GEE, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also denied.

JOHN R. BROWN, Chief Judge, with whom AINSWORTH, Circuit Judge, joins:

For reasons set forth in my dissent to the panel's decision I dissent to the Court's refusal to grant rehearing en banc.

tent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection.

15. See *e. g.*, J. I. Case Co. v. Borak, 1964, 377 U.S. 426, 432, 84 S.Ct. 1556, 12 L.Ed.2d 423; Drew v. Liberty Mutual Ins. Co., 5 Cir., 1973, 480 F.2d 69, 75.