Hubert BUSH, Plaintiff-Appellant,

v.

STATE INDUSTRIES, INC., Defendant-Appellee.

No. 77–1215.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 14, 1979.

Decided June 15, 1979.

Henry Martin, Haile & Martin, Nashville, Tenn., for plaintiff-appellant.

Stafford F. McNamee, Jr., Bass, Berry & Sims, Nashville, Tenn., Frederick S. Kullman, Kullman, Lang, Inman & Bee, New Orleans, La., for defendant-appellee.

Before CELEBREZZE and ENGEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

This case involves the efforts of a private individual to gain relief for an alleged retaliatory discharge, in violation of § 15(a)(3) of the Fair Labor Standards Act (the Act or FLSA), 29 U.S.C. § 215(a)(3).[1] The Plaintiff, Hubert Bush (Bush), was an hourly employee of the defendant, State Industries, Inc. (State), at its Ashland City, Tennessee, manufacturing plant until November 1973, when he was discharged.

On November 1, 1976, Bush filed suit in the district court, alleging that he was discharged as a result of complaints made by him to State concerning State's failure to compensate him for overtime work, to which he was entitled under 29 U.S.C. § 207. Bush sought reinstatement to his former position, reimbursement for wages lost from the time of his discharge, and reimbursement for reasonable attorney's fees and other costs incurred in the prosecution of his suit. Bush alleged jurisdiction under 29 U.S.C. § 216.[2]

On December 20, 1976, State filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b), contending that the court lacked jurisdiction over the subject matter and that the complaint did not state a claim upon which relief could be granted, since private individuals have no right of action for claims under § 15(a)(3) of the Act.[3]

On February 11, 1977, the district court granted State's motion to dismiss for fail-

---

1. Section 15(a)(3) states:

(a) After the expiration of one hundred and twenty days from June 25, 1938, it shall be unlawful for any person—
(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee;

2. Subsequent to the filing of a motion to dismiss by State, Bush amended his complaint to allege jurisdiction under 29 U.S.C. § 215(a)(3) and 28 U.S.C. § 1331, claiming that the amount in controversy exceeded $10,000, exclusive of interests and costs.

3. At the time the complaint was filed, the enforcement provisions concerning § 15 were contained in §§ 17 and 11(a) of the Act and referred only to actions being brought by the Secretary of Labor to "restrain violations" of § 15. Section 17 stated:

The district courts, together with the United States District Court for the District of the Canal Zone, the District Court of the Virgin Islands, and the District Court of Guam *shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title*, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter (except sums which employees are barred from recovering, at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title). (Emphasis added.)

Section 11(a) of the Act provided, among other things, that:

Except as provided in section 212 of this title [section 212 deals with violations of the child labor law provisions], the Secretary of Labor shall bring all actions under section

ure to state a claim upon which relief could be granted, finding that only the Secretary of Labor could seek relief for retaliatory discharges in violation of the Act. In its memorandum opinion, the district court stated in part:

> Plaintiff concedes that the Act does not expressly provide for a private right of action seeking reinstatement and back pay and that the rule stated above is the majority position. Nonetheless, he urges that such a right, not being expressly excluded by the Act, should be *implied* by this court in order to effectuate the manifest purpose of the Act. In support of this theory, he cites *Fagot v. Flintkote Co.*, 305 F.Supp. 407 (E.D.La.1969). While plaintiff's argument for an implied private right of action is not without some merit, it was expressly rejected in [*Martinez v. Behring's Bearings Service, Inc.*, 501 F.2d 104 (5th Cir. 1974)], a case which is also recognized but refused to adopt the reasoning of the court in *Fagot*.[1]

> [1] But *see Boll v. Federal Reserve Bank of St. Louis*, 365 F.Supp. 637 (E.D.Mo.1973) where the *Fagot* reasoning was adopted.

217 of this title to restrain violations of this chapter.

4. Bush relied upon the four criteria articulated by the Supreme Court in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), and insisted that he had an implied right of action under the statute. Bush argued that allowing a private action was not inconsistent with the scheme of private enforcement that Congress had established in other provisions of the Wage and Hour Act, that Bush was a member of the class of persons sought to be protected by the Act, and that there was nothing in the legislative history of the Act expressly prohibiting private actions for violations of § 15(a)(3).

State contended that the legislative history of the Act showed no inclination on the part of Congress to provide a private right of action under § 15(a)(3). Furthermore, State asserted the judicial interpretations of § 15(a)(3) clearly established that there was no private right of action for discriminatory discharges, relying on a line of cases culminating in the Fifth Circuit's decision in *Martinez v. Behring's Bearings Service, Inc.*, 501 F.2d 104 (5th Cir. 1974). Finally, State contended that the facts in the instant case did not support a finding of an implied private action under the *Cort v. Ash* test.

While this court can appreciate plaintiff's situation, it feels that the language of the Act is clear, the intent of Congress unambiguous, and the weight of judicial precedent compelling. Accordingly, it feels bound to hold that plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted.

On March 4, 1977, Bush appealed the order of the district court to this court, and the parties filed briefs on the issue of whether a private right of action for a § 15(a)(3) violation may be implied under the Act.[4] Subsequent to the filing of those briefs, § 16(b) of the FLSA was amended[5] to provide expressly for a private right of action for violations of § 15(a)(3).[6]

Thereafter, on May 10, 1978, the Secretary of Labor (the Secretary) filed a brief in this court as *amicus curiae*. The Secretary took the position that an appellate court must apply the statutory law that exists at the time of its decision, unless there is statutory direction or legislative history to the contrary, or unless manifest injustice would result. The Secretary argued that

5. Fair Labor Standards Amendments of 1977, Pub.L. No. 95–151, § 10, 91 Stat. 1252 (1977).

6. Section 216(b) of 29 U.S.C., as amended, now provides in relevant part, as follows:

> (b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

since no decision has yet been rendered by this court in the instant case, and since neither of the above exceptions is applicable, Bush is entitled to a private right of action against State, pursuant to § 16(b), as amended. (See n. 6.) Additionally, the Secretary suggested that the statutory change affected procedural rights only, and, therefore, it should be applied to pending litigation.

In response to the Secretary's brief, State contended that Bush's cause of action was time-barred by the applicable three year statute of limitations.[7] State argued that "plaintiff filed suit originally in a court lacking jurisdiction over the subject matter of the case," and, therefore, it did not interrupt the running of the statute of limitations. State argued that all actions against it for Bush's termination in November 1973 were "forever barred" after November 1976. Consequently, State contends, even though the Act was amended to give private individuals a cause of action for violations of § 15(a)(3), that authority was given after any liability created by the Act had ceased to exist.

Initially we consider the question of whether the district court had jurisdiction over the subject matter of the complaint so that the filing of the action tolled the running of the statute of limitations. Bush averred in his complaint that the action was a direct result of a "knowing and willful violation of the Act, to-wit 29 U.S.C. § 215(a)(3)," which conferred federal question jurisdiction upon the district court pursuant to 28 U.S.C. § 1331.[8] State's statute of limitations contention is premised on its position that neither an express nor an implied private action existed at the time Bush filed suit. State further suggests that the district court granted its motion to dismiss for want of jurisdiction, since Bush's complaint failed to state a claim upon which relief could be granted.

▮ In federal question cases under § 1331:

[W]here the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit. *Bell v. Hood*, 327 U.S. 678, 681–82, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

In *Bell*, the Court held that a suit may be dismissed for want of jurisdiction as follows:

[W]here the alleged claim under the Constitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous. Id. at 682–83, 66 S.Ct. at 776.

However, the Court also stated:

Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. . . . Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. Id. at 682, 66 S.Ct. at 776.

*See also Wheeldin v. Wheeler*, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963); *Turpin v. Mailet*, 579 F.2d 152, 155 n.3 (2d Cir. 1978), *cert. denied*, 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662 (1978).

▮ Thus, in determining whether a federal court has jurisdiction over the subject matter of a claim, it must look to see whether the alleged claim actually "arises under" the Constitution or federal statutes and is not made solely for the purpose of obtaining jurisdiction. Furthermore, a federal court must determine whether the position of the plaintiff is of any legal sub-

---

7. 29 U.S.C. § 255(a).

8. Section 1331(a) provides, in pertinent part:
   (a) The district courts shall have original jurisdiction of all civil actions wherein the mat-

ter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States, . . . ..

stance. However, the fact that a complaint may not state a claim upon which relief can be granted is of no relevance to the question of subject matter jurisdiction.

In deciding the question of whether a particular case is one that actually "arises under" the Constitution or laws of the United States, the Supreme Court stated in *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936):

> To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. . . . The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. (Citations omitted.)

*See Division 1287, Amalgamated Transit Union, AFL–CIO v. Kansas City Area Transportation Authority*, 582 F.2d 444, 449–50 (8th Cir. 1978); *Southpark Square Limited v. City of Jackson, Mississippi*, 565 F.2d 338, 341 (5th Cir. 1977), *cert. denied*, 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978); *Mays v. Kirk*, 414 F.2d 131, 133 (5th Cir. 1969).

██ In this case, Bush seeks to obtain redress at law for injuries alleged to have resulted from a violation by his employer of § 15(a)(3) of the FLSA, which protects employees from discharge or other employment discrimination that could result from complaints by them concerning their employers' failure to comply with the provisions of the Act. That Bush was not entitled to maintain such an action in his own behalf was the question decided by the district court when it dismissed Bush's complaint for failure to state a claim upon which relief could be granted. However, that decision in no way was a determination that the district court did not have jurisdiction over the subject matter of the complaint. It is clear from his complaint that Bush asserted the violation of a right created by § 15(a)(3) of the FLSA. Only by construing that provision of the Act could

the court determine the validity of his claim. Thus a question "arising under" the federal statutes was presented in this case. *See Fagot v. Flintkote Co.*, 305 F.Supp. 407, 410 & n.7 (E.D.La.1969). *See also Clark v. Gulf Oil Corp.*, 570 F.2d 1138 (3d Cir. 1978), *cert. denied*, 435 U.S. 970, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978).

With respect to the question of substantiality of the federal claim, the Supreme Court suggested a test for making such a determination. In *California Water Service Co. v. City of Redding*, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938), the Court stated:

> The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from previous decisions of this Court as to foreclose the subject. *Id.* at 255, 58 S.Ct. at 867.

*See Southpark Square Limited, supra*, 565 F.2d at 342; *Mays v. Kirk, supra*, 414 F.2d at 135. *See also Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

In evaluating the substantiality of Bush's claim that a private right of action should be implied for violations of § 15(a)(3), we note that the district court, in its memorandum opinion, recognized that Bush's argument was not without some merit. Furthermore, although the district court found the weight of judicial precedent compelling in dismissing Bush's complaint for failure to state a claim upon which relief could be granted, at least two district courts had previously held to the contrary. *Boll v. Federal Reserve Board of St. Louis*, 365 F.Supp. 637 (E.D.Mo.1973), *aff'd*, 497 F.2d 335 (8th Cir. 1974); *Fagot v. Flintkote Co., supra*, 305 F.Supp. 407 (E.D.La.1969).

██ Bush's complaint raised serious questions under the Fair Labor Standards Act that the district court could have decided only after it assumed jurisdiction over the controversy. We conclude that the district court had federal subject matter jurisdiction over the case, whether or not Bush had an implied right to maintain an action under the Act.

State does not seriously contend on this appeal that the amendment to the Fair Labor Standards Act, creating a private right of action for § 15(a)(3) violations, is not controlling in this case, if the district court had jurisdiction over the subject matter of Bush's complaint.

Indeed, the principle is well established that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. Richmond School Board,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *Thorpe v. Housing Authority of the City of Durham,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); *Weisenberger v. Huecker,* 593 F.2d 49 (6th Cir. 1979). In *United States v. The Schooner Peggy,* 5 U.S. (1 Cranch) 102, 2 L.Ed. 49 (1801), Mr. Chief Justice Marshall enunciated the general rule, as follows:

> It is, in the general, true, that the province of an appellate court is only to inquire whether a judgment, when rendered, was erroneous or not. But if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law be constitutional, . . . I know of no court which can contest its obligation. It is true, that in mere private cases between individuals, a court will and ought to struggle hard against a construction which will, by a retrospective operation, affect the rights of parties, but in great national concerns, . . . the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed, but in violation of law, the judgment must be set aside. (Footnote omitted.)

*Id.* at 109–10.

■ At the time the district court dismissed Bush's cause of action, there was no provision in the Act expressly giving private individuals the right to seek redress for § 15 violations. However, subsequent to the dismissal order of the district court "a law intervene[d] and positively change[d] the rule which governs," when § 16(b) was amended specifically to provide for private enforcement of § 15 rights.

■ An examination of the statute and legislative history evidences no Congressional intent that the amendment is not to be applied to pending cases. *See* H.R.Rep. No.95–521, 95th Cong., 1st Sess., *reprinted in* [1977] U.S.Code Cong. & Ad.News 3201. Neither is there any possible "manifest injustice" in allowing Bush to proceed against State for an alleged violation of § 15(a)(3) in his own behalf. An employee's right to be free from discharge or other employment discrimination for attempting to have enforced the provisions of the FLSA has been protected for years. The amendment to § 16(b) did not create new substantive rights, but simply affected the remedies available to employees for vindication of their pre-existing rights.[9] Accordingly, we conclude that an employee's right to proceed against his employer for redress of § 15(a)(3) violations of the FLSA, as it now exists under § 16(b), must be recognized in the instant case.

■ As heretofore stated, the only issue presented originally on this appeal was whether Bush had an implied right under the statute to maintain an independent action for an alleged violation of § 15(a)(3) of the Act. In the light of our decision as to the effect of the 1977 amendments (see n.5 and n.6), it is not necessary for this court to decide on the present appeal whether Bush

---

**9.** *See generally Bradley v. Richmond School Board,* 416 U.S. at 716–21, 94 S.Ct. 2006.

By similar analysis we note that statutory amendments merely affecting remedies (such as the amendment to § 16(b)) and which are procedural in nature are generally applicable to cases pending at the time of enactment, unless manifest injustice will result from the retroactive application. *See Mahroom v. Hook,* 563 F.2d 1369 (9th Cir. 1977), *cert. denied,* 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978); *Bunch v. United States,* 548 F.2d 336 (9th Cir. 1977); *Koger v. Ball,* 497 F.2d 702 (4th Cir. 1974).

had an implied right to maintain this action prior to the amendment. We hold that the district court had subject matter jurisdiction of the action as originally filed, and that the filing of the complaint tolled the running of the statute of limitations. When § 16(b) of the Act was amended, subsequent to the filing of this action by Bush, it created a private cause of action for enforcement of the rights protected by § 15 of the Act. Applying the law in effect at the time of our decision, we hold that Bush has an express right to maintain this cause of action. Thus, any question as to whether an implied right of action existed [10] was mooted by the 1977 amendments to the Act.

The decision of the district court is reversed and the case is remanded to the district court for further proceedings not inconsistent with this opinion.

---

**10.** We note that prior to the 1977 amendments to the Act the authorities on this issue were in conflict. *Compare Martinez v. Behring's Bearing Service, Inc.,* 501 F.2d 104 (5th Cir. 1974); *Powell v. Washington Post,* 105 U.S.App.D.C. 374, 267 F.2d 651, *cert. denied,* 360 U.S. 930, 79 S.Ct. 1449, 3 L.Ed.2d 1544 (1959); *Bonner v. Elizabeth Arden,* 177 F.2d 703 (2d Cir. 1949); *Bowe v. Burns,* 137 F.2d 37 (3d Cir. 1943), with *Boll v. Federal Reserve Board of St. Louis,* 365 F.Supp. 637 (E.D.Mo.1973), *aff'd,* 497 F.2d 335 (8th Cir. 1974). For discussion of implied private right of action *see Cannon v. University of Chicago,* —— U.S. ——, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979).