Samuel G. GRECCO, Plaintiff,

v.

SPANG AND COMPANY, a corporation, Defendant.

Civ. A. No. 79–775.

United States District Court,
W.D. Pennsylvania.

April 14, 1983.

---

**414**

James R. Duffy, Pittsburgh, Pa., for plaintiff.

Gilbert Helwig, Patrick W. Ritchey, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, Chief Judge.

Plaintiff brought this action for an alleged violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, seeking, among other things, recovery of past and future lost wages and "such other relief as this Honorable Court shall deem appropriate to carry out the purposes of the Act" (Complaint, p. 2). Defendant has filed a motion *in limine* to exclude any evidence of damages plaintiff might suffer subsequent to the time of trial. For reasons set forth below, defendant's motion will be granted.

1. This analysis is in agreement with what appears to be one rationale provided in *Monroe v. Penn-Dixie Cement Corp.*, 335 F.Supp. 231, 235 (N.D.Ga.1971) for denying recovery of prospective damages under ADEA. The court in *Monroe* also opined that calculation of prospective damages would be too speculative as another ground for its holding.

2. The relevant part of 29 U.S.C. § 626(b) reads as follows:

The question whether prospective damages are recoverable under the ADEA, although raised in *Wehr v. Burroughs Corp.*, 619 F.2d 276, 283 (3d Cir.1980), has not yet been resolved by the United States Court of Appeals for the Third Circuit. The issue has, however, been the subject of some discussion elsewhere. See, for example, *Monroe v. Penn-Dixie Cement Corp.*, 335 F.Supp. 231 (N.D.Ga.1971); also *Ginsberg v. Burlington Industries, Inc.*, 500 F.Supp. 696 (S.D.N.Y.1980). While the discussion in these cases of the availability of prospective damages under ADEA may constitute dicta, certain reasons have been identified which are persuasive here.

■ It is important first to note that although plaintiff seeks to recover prospective damages, he has indicated in a reply brief that his prayer for relief should not be read as foreclosing the request that he be reinstated in his former job. This Court is specifically empowered by section 626(b) to order reinstatement of a successful plaintiff in his former job. Such reinstatement clearly would stop any further damages to the plaintiff. Since reinstatement is a remedy being sought by the plaintiff and it would, if granted, bring an end to further damages to the plaintiff, lost future wages should not also be recoverable because that would enable the plaintiff to recover twice for the same alleged injury.[1]

Also, section 626(b) indicates that the ADEA is to be enforced in accordance with the powers, remedies and procedures of the Fair Labor Standards Act (FLSA).[2] In actions brought under the FLSA, the awarding of damages beyond those specifically provided for in the statute repeatedly has been denied. See, for instance, *Martinez v. Behring's Bearings Service, Inc.*, 501 F.2d

The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. . . .

104, 105 (5th Cir.1974), where it was held that there was no private right of damages for an employer violation of 29 U.S.C. § 215(a)(3). The Court, after deciding that Congress did not see fit to specifically provide for such a remedy, concluded that it would be improper for a court to add a remedy by implication to those specifically enumerated in the FLSA. See also *Powell v. Washington Post Co.*, 267 F.2d 651 (D.C. Cir.1959).

Since section 626(b) specifically incorporates the enforcement powers, remedies and procedures of the FLSA, it seems that in action under the ADEA the awarding of damages beyond those specifically enumerated in the statute is to be denied. Because the award of prospective damages is not specified as a remedy under the ADEA, it appears to be a remedy that is foreclosed.[3] See also *Ginsberg v. Burlington Industries, Inc.*, 500 F.Supp. at 700. Consequently, plaintiff will not be permitted to introduce at trial any evidence as to damages for wages lost subsequent to the time of trial. Only evidence as to losses occurring up to the date of trial shall be admissible.

An appropriate order shall issue.

---

**3.** This does not leave an injured plaintiff without a remedy. As previously noted a plaintiff who prevails is entitled to reinstatement.