861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rosemary Giurbino OBOJSKI, Non-Party Appellant,
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
v.
CITY OF CLEVELAND, Defendant-Appellee.
 No. 87-3951.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The Equal Employment Opportunity Commission (EEOC) brought this action against the City of Cleveland (City) pursuant to Secs. 16(c) and 17 of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. Secs. 216(c) and 217, to enforce the Equal Pay Act (EPA) of 1963.[1] The suit alleged that the City maintained a wage differential based upon sex between certain male and female employees performing equal work.
 
 
 2
 The complaint included as part of its prayer for injunctive and back pay relief that damages be awarded "to employees whose wages are being unlawfully withheld at a result of the acts complained of above, including but not limited to those employees named on Exhibit A, [four employees, Borowy, Dukes, Mitchell, and Spinelli], ... and other similarly-situated employees." The reference in the asserted "nature of the action" part of the complaint was to "a wage differential between the rates [paid] to male and female station clerks." The only reference in the "statement of the claims" was to male and female "station clerks." The complaint charged discrimination in pay rates to the four named employees "and other similarly-situated employees."
 
 
 3
 The City filed an answer, a status conference was held, a pretrial order was filed, and some discovery took place. The City revealed in discovery that there had been "complaints lodged by the individual claimants involved in this lawsuit ... who have been and indeed are employed by the City of Cleveland, Department of Public Utilities, Division of Water and Heat."[2]
 
 
 4
 Plaintiff Rosemary Obojski, having discovered that she was considered by the EEOC to be neither a victim of the asserted discrimination nor similarly situated to the employees named in the complaint, filed an application and motion to intervene pursuant to Fed.R.Civ.P. 24. Obojski claimed an unconditional right to intervene, citing FLSA 29 U.S.C. Sec. 216(b), or, in the alternative, sought permissive intervention.
 
 
 5
 Obojski asserted in her brief in support of her motion to intervene that "this statute [FLSA] permits Plaintiff, an employee of the City of Cleveland, to institute an action to recover the liability prescribed in 29 U.S.C. Sections 206 and 207." She referred therein to her own complaints as being "substantially similar" to those made by EEOC and claimed that they arose "from the same or similar transactions or occurrences," and, finally, that there were "common issues of law and fact."
 
 
 6
 At the same time that she filed the motion in the district court, plaintiff apparently also filed a complaint with a jury demand for relief under the EPA and under the Fourteenth Amendment, the complaint bearing the same case number as that originally filed by EEOC against the City. The complaint filed by appellant was styled, "Rosemary Giurbino Obojski [with her address] and Equal Employment Opportunity Commission [with its address] v. City of Cleveland.[3]
 
 
 7
 By a marginal order, the district court denied the motion to intervene, with the notation "(see 29 U.S.C. Sec. 206(d)(3) and 29 U.S.C. Sec. 216(c))." Obojski appealed, and asserts that the marginal order was "an insufficient method to deny said intervention," and that 29 U.S.C. Sec. 216(c) does not bar intervention of one such as she, "not named as an aggrieved employee and where EEOC determines that said intervenor (employee) was not similarly situated."[4]
 
 
 8
 29 U.S.C. Sec. 216(c) provides in pertinent part that the right of an employee to become a party plaintiff in an action of the kind here instituted by EEOC "shall terminate upon filing of a complaint by the Secretary ... in which recovery is sought of ... wages or ... compensation ... owing to such employee." (Emphasis added). EEOC has replaced the Secretary under the statutory scheme in a case asserting an FLSA violation based upon EPA provisions. EEOC makes it clear on appeal that it filed no action on Obojski's behalf, although it is not so clear that its complaint would necessarily exclude Obojski. Indeed, if the proof were to develop somehow that she was "similarly situated" to the employees named in the EEOC complaint, she would be entitled to relief if the EEOC were to prevail in its underlying assertions of EPA violations.
 
 
 9
 The City has made it clear on oral argument that it does not take the position that once EEOC filed its suit that all other City employees would be barred from filing a claim against it of a claimed EPA violation. We find 29 U.S.C. Sec. 206(d)(3) not pertinent to the issues in controversy here. Plaintiff has not shown any authority that she has a right to intervene in the EEOC action under Fed.R.Civ.P. 24(a). Permissive intervention under Sec. 24(b) addresses itself to the sound discretion of the district court. Afro American Patrolmens League v. Duck, 503 F.2d 294, 298 (6th Cir.1974). While the basis of the district court's denial of permissive intervention may be doubtful, it is clear that plaintiff may generally proceed separately and individually in federal court with a claim of the type here asserted against her employer under 29 U.S.C. Sec. 216(b). See Bush v. State Industries, Inc., 599 F.2d 780 (6th Cir.1979).
 
 
 10
 We hold that it was not error to deny intervention by Obojski under the circumstances, and we therefore AFFIRM but for reasons as indicated, different from the basis given by the district court. It would follow that appellant may still pursue her separate action against the City with a different filing number if she pursues her claim in the district court in light of EEOC's position that she is not a "similarly-situated" employee.
 
 
 
 [1]
 This Act was codified as Sec. 6(d) of the FLSA, 29 U.S.C. Sec. 206(d), in 1968
 
 
 [2]
 There was also reference in discovery to several EEOC complaints or charges by individuals, presumably the named individuals
 
 
 [3]
 The docket sheet of the district court reflects the filing of the motion for intervention only. The complaint bears the "received" stamp of the clerk of courts, bearing the same date
 
 
 [4]
 EEOC has advised the court by letter that it will not file a brief but that "the Commission did not include Ms. Obojski as a claimant in its EPA action because the Commission believes Ms. Obojski's duties were different from those of the other station clerks on whose behalf the Commission had instituted suit." The Commission added that it believed the district court "erred in denying intervention based on the statutory authority cited."