Timothy J. **CROWLEY**, Plaintiff,

v.

**PACE SUBURBAN BUS DIVISION OF THE REGIONAL TRANSPORTATION AUTHORITY, Defendant.**

No. 90 C 2733.

United States District Court, N.D. Illinois, E.D.

Aug. 7, 1990.

H. Nasif Mahmoud, Kenneth K. McNeil, Karen Jackson, Hubbard & Mahmoud, Ltd., Chicago, Ill., for plaintiff.

Frank M. Pawlak, Robert A. Borich, Jr., Burke Wilson & McIlvaine, Chicago, Ill., ·for defendant.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

This action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Plaintiff alleges that on May 13, 1985, he was discharged by defendant for failure to comply with a supervisor's order that he remain at a meeting which was being held when plaintiff was not on duty and for which plaintiff was not to be paid. Plaintiff filed this lawsuit on May 11, 1990. Pending is defendant's motion to dismiss the case on the grounds that plaintiff's claim is barred by the statute of limitations and that plaintiff has failed to state a cause of action. Defendant has also moved for sanctions pursuant to Fed. R.Civ.P. 11.

Plaintiff brings this case pursuant to 29 U.S.C. § 215(a)(3), which makes it unlawful "to discharge ... any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." [1] Although plaintiff agrees that his discharge does not fall within the narrow terms of this section, he argues that it does fall within the section as it has been liberally interpreted by courts seeking to effectuate its purposes. *See, e.g., Brock v. Casey Truck Sales, Inc.,* 839 F.2d 872, 879 (2nd Cir.1988); *Brock v. Richardson,* 812 F.2d 121, 124 (3rd Cir.1987).

█ Also at issue is 29 U.S.C. § 255, which sets the limitations period for actions brought "to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act ..." at two years after the accrual of the cause of action, or three years where the violation was willful. Defendant contends, and plaintiff disagrees, that § 255 applies to plaintiff's claim. Defendant argues that § 255 encompasses all actions brought under the FLSA. Plaintiff argues that it covers only actions for unpaid minimum wages or overtime compensation or for liquidated damages, and not to actions pursuant to § 215(a)(3) seeking compensation for an unlawful discharge.

Defendant's position concerning the scope of § 255 is supported by *Bush v.*

---

**1.** A private cause of action to enforce this section was provided in 1977, when 29 U.S.C. § 216(b) was amended to read, in part: "Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."

*State Industries, Inc.,* 599 F.2d 780, 784 (6th Cir.1979) (assuming, but not deciding, that § 255's limitations period applied to action under § 215(a)(3)); *Brock v. Kitty Hawk Medical Center, Inc.,* 106 Lab.Cas. (CCH) ¶ 34,881 at 44,825, 1987 WL 12161 (E.D.N.C.1987) (holding that § 255 applies to all claims brought pursuant to the FLSA, including claims under § 215(a)(3)); *Feng v. Sandrik,* 636 F.Supp. 77 (N.D.Ill. 1986) (stating that § 255 applied to claims under § 215, in case where plaintiff had not argued otherwise but had contended that the limitations period had been tolled); and *Nitterright v. Claytor,* 454 F.Supp. 130, 139 (D.D.C.1978) (stating that § 255 applied to actions brought pursuant to § 215(a)(3) where plaintiff had not argued otherwise).

In support of his position to the contrary, plaintiff cites *Reeves v. International Telephone and Telegraph Corp.,* 616 F.2d 1342 (5th Cir.1980). In *Reeves,* the plaintiff had brought suit in September, 1967, against his former employer to recover unpaid wages and liquidated damages allegedly due on the basis of a discharge which allegedly violated the FLSA. The plaintiff claimed he was terminated one day after filing a complaint with the Wage and Hour Division of the Department of Labor concerning inadequate compensation for overtime hours. In July, 1973, the district court denied the defendant's motion to dismiss. The Secretary of Labor then petitioned for intervention, and that petition was granted. On appeal, the court rejected the defendant's argument that the district court lacked subject matter jurisdiction because there was no express private cause of action to enforce § 215(a)(3) at the time the suit was brought. One ground for the court's rejection of the defendant's argument was that the Secretary's intervention created an independent basis for jurisdiction. In reaching this conclusion, the court held that the Secretary's intervention was not untimely. The court stated that § 255 was inapplicable because the Secretary sought only enforcement of a cause of action for wrongful discharge under § 215(a)(3), and not redress for unpaid overtime compensation or liquidated damages. 616 F.2d at 1350.

The *Reeves* holding was expressly rejected in *Kitty Hawk, supra,* which analyzed the legislative history and the purpose of § 255. The *Kitty Hawk* court emphasized that Congress, in enacting § 255, declared:

(a) The Congress hereby finds that the Fair Labor Standards Act of 1938, as amended [29 U.S.C. § 201 et seq.], has been interpreted judicially in disregard of long-established customs, practices, and contracts between employers and employees, thereby creating wholly unexpected liabilities, immense in amount and retroactive in operation, upon employer with the results that, if said Act as so interpreted or claims arising under such interpretations were permitted to stand, (1) the payment of such liabilities would bring about financial ruin of many employers and seriously impair the capital resources of many others, thereby resulting in the reduction of industrial operations, halting of expansion and development, curtailing employment, and the earning power of employees; (2) the credit of many employers would be seriously impaired; (3) there would be created both an extended and continuous uncertainty on the part of industry, both employer and employee, as to the financial condition of productive establishments and a gross inequality of competitive conditions between employers and between industries; ...

The Congress further finds that the varying and extended periods of time for which, under the laws of the several States, potential retroactive liability may be imposed upon employers, have given and will give rise to great difficulties in the sound and orderly conduct of business and industry....

*Kitty Hawk,* ¶ 34,881 at 44,827, quoting 29 U.S.C. § 251(a). The court also noted that the House Committee on the Judiciary Report, H.R.Rep. No. 71, 80th Cong., 1st Sess., *reprinted in* 1947 U.S.Code Cong. & Admin. News 1029, stated:

PART II. PROVISIONS AFFECTING *ALL CLAIMS, CAUSES OF ACTION, AND ACTIONS UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C.,*

**1322**

SEC. 201, 219), THE WALSH–HEALEY ACT (41 U.S.C. SECS. 35, 45), AND THE BACON–DAVIS ACT (40 U.S.C. SECS. 276a to 276c).

## I. STATUTE OF LIMITATIONS

Actions for the recovery of *wages,* overtime compensation, penalties, or *damages (actual, liquidated, or compensatory)* must be commenced within 1 year after the cause of action accrued. . . .

(Emphasis added.)

Plaintiff argues that *Kitty Hawk*'s analysis of the legislative history is incomplete. Plaintiff points out that the committee report further states: "The limitation herein provided applies only to the statutory actions or proceedings set forth in the acts enumerated in section 5 of H.R. 2157." Section 5, in turn, addressed § 216(b) of the FLSA, which created a right of action by employees to enforce §§ 206 and 207 but did not mention § 215(a)(3). As plaintiff further points out, the language of § 255, which refers to actions for "unpaid minimum wages, unpaid overtime compensation, or liquidated damages," is apparently drawn from § 216(b) as it then existed, providing that an employer who violated §§ 206 or 207 was liable for "unpaid minimum wages . . . unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." When § 216(b) was amended in 1977 to create an additional private right of action for violations of § 215(a)(3), Congress provided a broader basis for relief, allowing "such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost. . . ."

■ Plaintiff argues that this more complete examination of the legislative history supports his view that actions brought to enforce § 215(a)(3) are not subject to the limitations period of § 255. However, the Court finds that the legislative history is more plausibly read to support the opposite conclusion. Section 255 was enacted to exercise some control over the burgeoning scope of actions brought to enforce the FLSA, and it was enacted before Congress created an express cause of action to enforce § 215(a)(3). The Court concludes that § 255 must be read as covering not only causes of action which were recognized at the time of its enactment, but also causes of action which would be recognized in the future. That the remedies available for a violation of § 215(a)(3) are broader than those enumerated in § 255 cannot change this result, because Congress cannot have anticipated, when it enacted § 255, the precise scope of remedies which would be permitted under future causes of action.

Accordingly, the Court holds that the limitations period of § 255 applies to actions brought to enforce § 215(a)(3). Because this action is brought under § 215(a)(3) and because it was brought nearly five years after the cause of action accrued, it must be dismissed as beyond the limitations period. Due to this conclusion, the Court need not, and does not, reach defendant's further argument that the complaint fails to state a cause of action within the scope of § 215(a)(3). Finally, the Court finds that plaintiff's position was reasonably supported by the existing state of the law, and defendant's motion for sanctions is therefore denied.