938 F.2d 797
 30 Wage & Hour Cas. (BN 761, 119 Lab.Cas. P 35,522
 Timothy J. CROWLEY, Plaintiff-Appellant,
v.
PACE SUBURBAN BUS DIVISION OF THE REGIONAL TRANSPORTATION
AUTHORITY, Defendant-Appellee.
 No. 90-3083.
 United States Court of Appeals,
Seventh Circuit.
 Argued May 9, 1991.
Decided Aug. 2, 1991.
C.A.7 (Ill.) 1991.
 
 Kenneth K. McNeil (argued), Chicago, Ill., for plaintiff-appellant.
 Francis M. Pawlak (argued), Robert A. Borich, Jr., Burke, Wilson & McIlvaine, Chicago, Ill., for defendant-appellee.
 Before CUDAHY and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 CUDAHY, Circuit Judge.
 
 
 1
 This case concerns the scope of the statute of limitations found at Sec. 6 of the Portal-to-Portal Act, a part of the Fair Labor Standards Act (FLSA), 29 U.S.C. Sec. 201 et seq. Specifically, the court must decide whether an action for retaliatory discharge under Sec. 215(a)(3),[1] in which back wages are sought, is governed by Sec. 255. The district court found that the statute of limitations applied to Crowley's action for retaliatory discharge and dismissed the case. 741 F.Supp. 1319. We affirm.
 
 
 2
 Crowley's cause of action arises from an incident on May 13, 1985. On that date, his employer Pace Suburban Bus Division of the Regional Transportation Authority demanded that he attend a meeting which would be held when he was off-duty and for which he would not be paid. He refused to attend the meeting under those conditions and was discharged. On May 11, 1990, he filed an action in district court pursuant to Sec. 215(a)(3) of the FLSA,[2] which prohibits an employer from discharging "any employee because the employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter...."[3] The district court dismissed the case as untimely under Sec. 255, which prescribes a two-year statute of limitations for actions brought "to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the [FLSA]...." That limitations period is extended to three years if plaintiff can demonstrate wilfulness. Even with that limitations period, however, Crowley could not maintain this action. As a result, Crowley argues that Sec. 255 is inapplicable by its plain language and that the court must borrow one of four Illinois statutes of limitations which cover similar causes of actions. The various state limitations periods proffered by Crowley are all five years.
 
 
 3
 If our task were simply to read Sec. 255 in isolation from the rest of the statute and determine its scope, it would be simple. The language of Sec. 255 expressly reaches only actions for unpaid minimum wages, overtime compensation and liquidated damages. It thus does not by its terms cover this case, in which back wages for retaliatory discharge are sought. Section 255, however, cannot be divorced from its context. The Supreme Court has repeatedly recognized that "[i]n ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291-92, 108 S.Ct. 1811, 1817, 100 L.Ed.2d 313 (1988). See Sullivan v. Stroop, --- U.S. ----, 110 S.Ct. 2499, 2502-03, 110 L.Ed.2d 438 (1990); Bethesda Hosp. Ass'n v. Bowen, 485 U.S. 399, 404-05, 108 S.Ct. 1255, 1258-59, 99 L.Ed.2d 460 (1988).[4] The proper focus in determining the scope of Sec. 255 is on the structure and wording of the entire statute.
 
 
 4
 That analysis reveals that the terms "unpaid minimum wages, unpaid overtime compensation, and liquidated damages" encompassed all private actions for monetary relief which were explicitly allowed under the statute at the time it was enacted. Further, these terms have not been given their ordinary meaning by Congress--a circumstance that supports an expansive interpretation of the language. Finally, examination of other provisions of the FLSA indicates that the statute of limitations in question was enacted to avoid the application of nonuniform state statutes of limitations. Based upon those factors as well as upon the legislative history, we conclude that Sec. 255 applies to actions under Sec. 215(a)(3) just as it applies to all other private actions for damages under the FLSA.
 
 
 5
 At the time that Sec. 255 was passed, the reference to "unpaid minimum wages, unpaid overtime compensation, or liquidated damages" included all claims for monetary relief that were explicitly available under the FLSA. Sections 206, 207, and 216(b) of the FLSA provided a right to a minimum wage, overtime compensation and liquidated damages. The statute contained no other provision for damages. Although Sec. 215(a)(3) prohibited employers from retaliating against employees for assertion of rights under the FLSA, it did not explicitly provide a right of action for employees upon violation of the provision. Presumably because no private right of action was provided in the statute, there was no provision for damages or for a statute of limitations to apply to such actions. The language of Sec. 255 thus did not specify some among several actions for monetary relief, but rather included all private damages actions which were recognized under the FLSA at the outset.
 
 
 6
 Faced with a prohibition of retaliatory discharge but with no explicit private right to sue, courts began to consider whether a private right of action was implicit in the statute. Most courts concluded that no private right of action existed, and thus had no reason to consider the applicability of Sec. 255.[5] See e.g. Bush v. State Industries, Inc., 599 F.2d 780 (6th Cir.1979); Martinez v. Behring's Bearings Service, Inc., 501 F.2d 104 (5th Cir.1974); Powell v. Washington Post Co., 267 F.2d 651 (D.C.Cir.1959); Bonner v. Elizabeth Arden, Inc., 177 F.2d 703 (2d Cir.1947). Presumably, if these courts had determined that a private right of action was implicit in the statute, they would have had difficulty in applying to Sec. 215(a)(3) claims a statute of limitations different from the one applicable at the time to all other claims for money. In any event, Congress in 1977 enacted an amendment to Sec. 216(b) which explicitly recognized the right of an employee to sue for a violation of Sec. 215(a)(3). No discussion accompanied that amendment and no provision was made prescribing the applicable statute of limitations.
 
 
 7
 We do know, however, that when Congress enacted the Equal Pay Act as part of the FLSA and allowed for back wages as a remedy, it provided that the Sec. 255 statute of limitations should control. Thus, Sec. 206(d)(1) of the Equal Pay Act prohibits wage disparities based upon gender, and allows recovery of wages beyond the minimum wage or overtime compensation covered by the original FLSA. Section 206(d)(3), however, states that "[f]or purposes of administration and enforcement, any amounts owing to any employee which have been withheld in violation of this subsection shall be deemed to be unpaid minimum wages or unpaid overtime compensation under this chapter." That language has the effect of including Sec. 206(d)(1) back wages within the phrase "unpaid minimum wages [and] overtime compensation" used in the Sec. 255 statute of limitations. This phrase thus acquires a broader meaning than its own plain language would otherwise import. When it added Sec. 206(d)(3), therefore, Congress continued to include all claims for monetary relief within the coverage of the Sec. 255 statute of limitations. Congress' express refusal to treat an action for back wages under Sec. 206(d)(1) differently than the statute's other actions for monetary relief tends to support the view that, when wages were sought for retaliatory discharge, those actions should also be governed by Sec. 255.
 
 
 8
 In fact, a narrow reading of Sec. 255 would be inconsistent with the policy set forth by Congress in enacting this statute of limitations. The "Congressional findings and declaration of policy" in Sec. 1 of the Portal-to-Portal Act indicates that Congress was concerned that lack of a limitations period would result in unpredictable expenses for businesses and constitute a threat to the stability of industry. Congress declared that the "varying" and "extended" limitations periods found in state law created "great difficulties in the sound and orderly conduct of business and industry." 29 U.S.C. Sec. 251; see also McLaughlin v. Richland Shoe Co., 486 U.S. 128, 131-32, 108 S.Ct. 1677, 1680-81, 100 L.Ed.2d 115 (1988) (statute of limitations meant to limit unanticipated contingent liabilities faced by employers with use of state limitations periods). This concern would not be met by a statute of limitations that applied to certain actions for money under the FLSA but that allowed the same varying state limitations periods to cover other claims for monetary relief.
 
 
 9
 The limited legislative history on point further indicates Congressional intent to include all damages within the limitations period. The only unambiguous reference in the legislative history declares:
 
 
 10
 PART II. PROVISIONS AFFECTING ALL CLAIMS, CAUSES OF ACTION, AND ACTIONS UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C., SECS. 201, 219), THE WALSH-HEALEY ACT (41 U.S.C. SECS. 35, 45), AND THE BACON-DAVIS ACT (40 U.S.C. SECS. 276a TO 276c)
 
 I. STATUTE OF LIMITATIONS
 
 11
 Actions for the recovery of wages, overtime compensation, penalties, or damages (actual, liquidated, or compensatory) must be commenced within 1 year after the cause of action accrued.....
 
 
 12
 1947 U.S.Code Cong. & Admin.News 1029, 1035. These captions and terms indicate that the statute of limitations was to apply to all claims for monetary relief, whether labeled "wages," "overtime compensation," or simply "actual, liquidated, or compensatory damages."
 
 
 13
 Finally, a broad interpretation of Sec. 255 would avoid the anomaly of a statute of limitations that would apply to some actions under Sec. 215(a)(3) and not to others. Under the plain language approach espoused by Crowley, an action under Sec. 215(a)(3) that sought liquidated damages would be governed by Sec. 255 and could be dismissed if beyond the limitations period. On the other hand, a plaintiff could proceed under Sec. 215(a)(3) long after the expiration of the limitations period, as long as no liquidated damages were sought. This result creates a distinction between various sorts of Sec. 215(a)(3) actions which is not otherwise supported by anything else in the FLSA or the Portal-to-Portal Act.
 
 
 14
 Our view is consistent with the interpretation accorded Sec. 255 by most other courts. They generally have applied Sec. 255 to actions under Sec. 215(a)(3), albeit without any discussion of the statutory language or its applicability. See Bush v. State Industries, Inc., 599 F.2d 780 (6th Cir.1979); Feng v. Sandrik, 636 F.Supp. 77, 82 (N.D.Ill.1986); Nitterright v. Claytor, 454 F.Supp. 130, 139 (D.D.C.1978). In Brock v. Kitty Hawk Medical Center, 106 Lab.Cas. (CCH) p 34,881 at 44,825, 1987 WL 12161 (E.D.N.C.1987), the court did recognize the statutory ambiguity but held that the limitations period in Sec. 255 was applicable to Sec. 215(a)(3). In reaching that conclusion, the court relied on the declaration of policy in Sec. 251(a), the legislative history and the absence of any language excluding Sec. 215(a)(3) from the limitations period in Sec. 255. p 34,881 at 44,827. The only case that seems to express a contrary view is Reeves v. International Telephone and Telegraph Corp., 616 F.2d 1342 (5th Cir.1980). Reeves involved an action brought by the Secretary of Labor, in which the court declared that an action in equity to enforce Sec. 215(a)(3) was not within the language of the statute of limitations of Sec. 255.[6] The Reeves court relied on the plain language of Sec. 255 but without further analysis. We do not regard this treatment as persuasive.[7]
 
 
 15
 Although the matter is certainly not free from doubt, particularly in view of the recent emphasis of the Supreme Court on the plain meaning of statutes, we hold that the statute of limitations of Sec. 255 of the FLSA applies to private actions under Sec. 216(b) for violations of Sec. 215(a)(3). Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 Unless otherwise indicated, all statutory references are to provisions of the FLSA, 29 U.S.C. Sec. 201 et seq
 
 
 [2]
 Section 215(a)(3) does not create a private right of action, but Sec. 216 was subsequently enacted to explicitly allow relief for violations of Sec. 215(a)(3). Under Sec. 216(b), the employer may be liable for "such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."
 
 
 [3]
 The discharge in this case does not appear to fall within the language of this provision, but Sec. 215(a)(3) has been construed broadly to include retaliation by the employer for an employee's assertion of rights protected under the FLSA. See Brock v. Casey Truck Sales, Inc., 839 F.2d 872, 879 (2d Cir.1988); Brock v. Richardson, 812 F.2d 121, 124 (3rd Cir.1987). The district court noted the broad construction in those cases but did not reach the issue whether the claim stated a cause of action under Sec. 215(a)(3) because it found the statute of limitations issue dispositive
 
 
 [4]
 See also Pittston Coal Group v. Sebben, 488 U.S. 105, 114-16, 109 S.Ct. 414, 420-21, 102 L.Ed.2d 408 (1988) (comparing use of same term in different subsections); Hughey v. United States, --- U.S. ----, 110 S.Ct. 1979, 1981-85, 109 L.Ed.2d 408 (1990) (considering language and structure of act, as well as the statutory declaration of purpose and legislative history); Pennsylvania Dept. of Public Welfare v. Davenport, --- U.S. ----, 110 S.Ct. 2126, 2131 & 2133, 109 L.Ed.2d 588 (1990) (examining language and structure of the Code as a whole as well as policy)
 
 
 [5]
 Of the courts that did find a private right of action, we are unable to find any cases in which the statute of limitations became an issue
 
 
 [6]
 In a recent case, the Fifth Circuit appeared to apply the limitations period of Sec. 255 to a claim based upon a violation of Sec. 215(a)(3), thus implying that Reeves may no longer represent the law of that circuit. Hendrix v. City of Yazoo City, Miss., 911 F.2d 1102 (5th Cir.1990)
 
 
 [7]
 Crowley offers Mitchell v. Robert De Mario Jewelry, Inc., 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960), as support for a distinction between unpaid minimum wages and lost wages incident to wrongful discharge. Mitchell is unpersuasive on this issue because it involved the interpretation of a provision limiting the jurisdiction of the courts in actions brought by the Secretary. As such, it was construed narrowly by the Court. Moreover, Congress once again eliminated the distinction between lost wages and unpaid minimum wages with a subsequent amendment a year later giving the Secretary the power to bring suit for either violation